ERVIN, Judge,
dissenting.
This case is before us as a petition for intermediate administrative review pursuant to Fla.R.App.P. 9.100(a). The basis for such review is that final administrative action would not provide an adequate remedy to a petitioner. Fla.R.App.P. 9.100(f) and § 120.68(1), Fla.Stat. (1977). In my opinion, there is hardly any administrative action to review. There has been no hearing and the only agency action taken thus far is the denial by the hearing examiner of a second motion for continuance. Although a motion to dismiss the administrative complaint was filed below, the hearing officer has never ruled upon its propriety, and I consider it premature for us to do so now.
In my opinion, this case is controlled by Nelson v. State Board of Accountancy, 355 So.2d 216 (Fla. 1st DCA 1978), where the Board filed a complaint against Nelson alleging that he had violated certain rules and statutes of the board. Prior to any decision by the hearing officer on the propriety of the complaint, Nelson petitioned for review in this court, contending that the Board had “failed to comply with requirements of law essential to probable cause findings . . . .” Id. We dismissed the petition for review stating, “It appears that petitioners have raised before the hearing officer the question which they now raise here, and the hearing officer has not ruled upon such question.” Id. We concluded that the hearing officer had the power to rule on the question and that ultimate review of final agency action would provide an adequate remedy to petitioner.
Here, petitioner is in essence seeking a de novo determination by us as to whether the complaint should be dismissed. As in Nelson, there is no reason why review of final administrative action would not provide an adequate remedy to petitioner. I would therefore remand this cause for appropriate agency action, and accord first to the hearing officer and the agency their interpretation of the charges.